ESTATE OF GEORGIANA ROTHSCHILD, DECEASED.

[No. 3,944; decided May 25, 1885.]

**Letters of Administration—Revocation in Favor of Person having Prior Right.**—Where letters of administration have been granted to a person who is not entitled to them in his own right, and who was not nominated by the person entitled, they will be revoked upon the application of the person entitled to letters.

Georgiana Rothschild died in La Porte county, Indiana, a resident thereof, and leaving personal estate in San Francisco, on April 1, 1883.

On February 3, 1885, Asher Frank filed a petition for letters of administration upon the estate of the decedent in San Francisco, in which he alleged the foregoing facts, and also that John and Rosalie Summerfield were the grandparents of the decedent, and her heirs and next of kin, and resided in Indiana, and that petitioner was the great-uncle of the decedent, and that the heirs had authorized him to make this application.

No written request of the heirs for the appointment of petitioner was filed, but he held a power of attorney from the grandparents dated January 23, 1885, authorizing him to act in any manner that he saw fit, to collect their inheritance from the decedent for them. This power of attorney was filed April 10, 1885.

The estate in San Francisco consisted of $2,000, in the hands of Joseph Rothschild. On February 17, 1885, the application of Asher Frank was granted, and he was appointed administrator, and on the following day letters of administration were issued to him.

On March 30, 1885, Henry Rothschild filed a petition for the revocation of such letters. He alleged that decedent was the infant daughter of George and Bertha Rothschild, both deceased; that petitioner and Mrs. Nathan Meyer, residents of San Francisco, were heirs of decedent; that petitioner was decedent's uncle and a brother of her father, and Mrs. Nathan Meyer was an aunt of decedent, and a sister of her father and of petitioner; that Asher Frank was a resident of Oakland; that decedent was a minor under the

age of eighteen years, and unmarried at the time of her
death, and that the money left by her was inherited from
her father, who had previously died in San Francisco; that
no notice of the application of Asher Frank had been given
to petitioner, or to Mrs. Nathan Meyer, and the first knowl-
edge he had of it was when he was informed by Joseph
Rothschild that Asher Frank had been appointed adminis-
trator.

An order to show cause was issued on this petition, re-
turnable on April 10, 1885.

On that day the administrator filed his answer, in which
he denied that petitioner, Henry Rothschild, and Mrs.
Nathan Frank were heirs of decedent, or entitled to a
distributive share of her estate, and alleged that the de-
cedent was an actual resident of the state of Indiana at
the time of her death; that her death was known to peti-
tioner immediately after it occurred, and petitioner took
no steps for the issuance of letters; further, that John and
Rosalie Summerfield were the grandparents of decedent, and
next of kin under the laws of Indiana.

It was contended, on behalf of the administrator, that
letters were properly granted to him, under section 1377,
Code of Civil Procedure, which provides that "letters of
administration must be granted to any applicant, though it
appears that there are other persons having better rights
to the administration, when such persons fail to appear
and claim the issuance of letters to themselves"; and that
the letters should not be revoked. Counsel cited sections
1383 and 1386, Code of Civil Procedure, the first of which
provides in substance that when letters have been granted
to any other person than the surviving husband or wife,
child, father, mother, brother or sister of the intestate, any
one of them who is competent may obtain the revocation of
the letters and be entitled to the administration; and the
latter of which provides that "the surviving husband or
wife, when letters have been granted to a child, father,
brother or sister of the intestate, or any of such relatives,
when letters have been granted to any other of them, may
assert his prior right and obtain letters of administration,
and have the letters before granted revoked," and claimed

that when letters are once granted only the persons above named could apply for their revocation.

On behalf of the petition for revocation, section 1365, Code of Civil Procedure, was cited, to the effect that letters could only be granted to some one or more of the persons mentioned in that section, and that relatives of the deceased are "entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof"; and that the administrator did not come within subdivision 7 of that section, giving the right to administer to "the next of kin entitled to share in the distribution of the estate," petitioner and his sister being the only heirs of decedent. Counsel further contended that under section 1379, Code of Civil Procedure, the administrator, not being entitled to letters in his own right, could only have been appointed "at the written request of the person entitled, filed in the court," and that no such written request had been filed.

Joseph Rothschild, for petitioner.

William H. Sharp, opposed, for administrator.

COFFEY, J. Upon the facts presented to the court, the petition for revocation should be granted, and it is so ordered.

----

On the Revocation of Letters of Administration on the application of the person primarily entitled to letters, see 1 Ross on Probate Law and Practice, 379-386.